# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

Lyle W. Cayce
Clerk

No. 10-11225
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS EDDINS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-105-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Thomas Eddins pleaded guilty to one count of being a felon in a possession of a firearm pursuant to 18 U.S.C. § 922(g). The district court sentenced him to 180 months in prison, the statutory minimum provided by the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Eddins appeals, arguing that his 1985 Texas burglary conviction does not qualify under the ACCA. The Government moves for summary affirmance or, alternatively, an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11225

We review the interpretation of a sentence enhancement provision de novo. *United States v. Montogmery*, 402 F.3d 482, 485 (5th Cir. 2005). Pursuant to *Taylor v. United States*, 495 U.S. 575, 599 (1990), generic burglary, which is a listed ACCA predicate offense, is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." The charging documents to which Eddins pleaded guilty state that Eddins entered a building not open to the public, without the effective consent of the owner, with the intent to commit theft. This language tracks that of § 30.02(a)(1) of the Texas Penal Code, under both the current version and the version in effect in 1985. We have held that burglary under § 30.02(a)(1) constitutes generic burglary for purposes of the ACCA. *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992); *see also United States v. Constante*, 544 F.3d 584, 585-86 (5th Cir. 2008) (noting that *Silva* held that burglary under § 30.02(a)(1) is generic burglary). Eddins's reliance on our holding in *Constante*, 544 F.3d at 587, that an offense under § 30.02(a)(3) is not generic burglary because it lacks the requisite element of intent, is misplaced.

Eddins attempts to distinguish his offense because it was a second degree felony under the 1985 version of the burglary statute and thus necessarily lacked the violent or potentially violent conduct that would make it a first degree felony. He relatedly argues that his crime did not involve purposeful, violent, and aggressive conduct, which he contends is required by the analysis of *Begay v. United States*, 553 U.S. 137 (2008). We discern nothing in his arguments that alters our holding in *Silva*, 957 F.2d at 162, that the elements of § 30.02(a)(1) correspond to those of generic burglary, i.e., the "nonconsensual entry into a building with intent to commit a crime."

Finally, Eddins contends that the district court improperly enhanced his sentence in violation of the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He argues that whether the prior convictions were committed on different occasions, as required under the ACCA, is a fact that must be alleged in the

2

No. 10-11225

indictment and either proved by the Government beyond a reasonable doubt or admitted by the defendant.  As Eddins concedes, this argument is foreclosed. *See United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006).

Although we conclude that the judgment should be affirmed without further briefing, summary disposition is not appropriate.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  Thus, we deny the Government's motion for summary affirmance or, alternatively, for an extension of time to file a brief.

JUDGMENT AFFIRMED; MOTION DENIED.