REVISED October 30, 2012

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

August 14, 2012

Lyle W. Cayce
Clerk

No. 11-40863

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN BENITO JOSLIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2-11-CR-181-1

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruben Benito Joslin pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was found eligible for sentencing enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), and sentenced to the statutory minimum of fifteen years of imprisonment and five years of supervised release. On appeal, Joslin alleges that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in finding three predicate convictions of "violent felonies" necessary to satisfy § 924(e).  We AFFIRM.

## FACTS AND PROCEEDINGS

The facts are largely undisputed. On April 25, 2011, Joslin pleaded guilty to one count of being a felon in possession of a firearm.  At sentencing, the district court, concerned that it had not properly admonished Joslin about the possible statutory enhancements under the ACCA, vacated the plea and ordered a new hearing.  Joslin again pleaded guilty to the offense.  In the Pre-sentence Investigation Report (PSR), the probation officer determined that Joslin qualified for sentence enhancement due to his prior criminal history.  After a three-level reduction for acceptance of responsibility, the district court reduced his offense level to a 30, which produced a guidelines range of 135 to 168 months of imprisonment.  However, the PSR recommended that the court apply the fifteen year minimum sentence required under the ACCA, because Joslin previously had been convicted of four "violent felonies" including: (1) a 1992 conviction for burglary of a habitation with intent to commit theft; (2) a 1997 conviction for burglary of a building; (3) a 1997 Texas deferred adjudication for burglary of a building; and (4) a 2000 conviction for aggravated assault.

Joslin filed objections to the PSR contending that he did not qualify for the ACCA enhancement because two of the predicate offenses, namely, the 1992 and 2000 convictions, were not "violent felonies" under the statute.  In regard to the 1992 conviction for burglary of a habitation, Joslin objected on the grounds that the Texas Penal Code § 30.02 (1991) did not conform to the "generic" or "contemporary" definition necessary to satisfy the ACCA. He argued that, because Texas law includes a unique definition of ownership based on a greater right of possession, the offense included broader activity than was intended for ACCA enhancement.  Referring to the 2000 conviction for aggravated assault, Joslin contested that the offense was not a predicate "violent felony" under the

2

ACCA because it lacked the following requisite elements: (i) the use of physical force against another person; (ii) a mens rea greater than recklessness; or (iii) conduct that presented a serious risk of physical injury. Joslin did not object to the application of the ACCA based on either the 1997 conviction for burglary of a building or the 1997 deferred adjudication for burglary of a building.

The government conceded Joslin's argument regarding the 2000 conviction, and the court overruled Joslin's objection that the 1992 conviction did not serve as a predicate offense for purposes of § 924(e). As a result, the district court determined that Joslin did have the three necessary predicate offenses and applied the ACCA declaring, "[t]he court adopts the presentence report as written. . . . The Defendant is sentenced to a hundred and eighty months. . . . that is a minimum mandatory sentence about which the court has no discretion to sentence less than a hundred and eighty months."

## DISCUSSION

The ACCA provides that any person who violates § 922(g) and has three prior convictions "for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . ." 18 U.S.C. § 924(e). Under § 924(e), a "violent felony" is defined as any crime punishable by a term of imprisonment exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).

Joslin contends that the district court reversibly erred in determining that he qualified for the sentence enhancement provision found in § 924(e). He argues that only the August 7, 1997 conviction for burglary of a building was a "violent felony" under the ACCA, and, therefore, the imposition of the fifteen

year minimum sentence was erroneous.  First, Joslin asserts that the 1992 conviction for burglary of a habitation did not fit the generic, contemporary definition of burglary, as required for application of the ACCA, because the Texas Penal Code encompasses possible burglary convictions for those persons with lesser possessory interests "in which few, if any, other states would find him guilty of the crime of burglary."  Second, Joslin contends that the court erroneously included his 1997 Texas deferred adjudication for burglary of a building offense as a "conviction" of a "violent felony" because, under Texas law, he was never adjudicated guilty.

In response, the government asserted that the 1992 conviction properly qualified as a "violent felony" because the Texas burglary provision, TEX. PENAL CODE § 30.02, falls under the generic definition of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  See Taylor v. United States, 495 U.S. 575, 599 (1990). The government further contends that, when considering the 1997 deferred adjudication, federal law applies in the determination of a "conviction," and the court properly included the offense in  the ACCA enhancement application.

In order for this court to overrule the district court decision, Joslin must prove that two of the contested offenses from the PSR are not "violent felonies" under the ACCA.  We hold that the district court correctly found three predicate "violent felonies" when applying the ACCA sentence enhancement and affirm.

A. 1992 Conviction for Burglary of a Habitation

We review the interpretation of a sentence enhancement provision de novo. United States v. Montgomery, 402 F.3d 482, 485 (5th Cir. 2005). The Supreme Court defined "generic" burglary, for purposes of the ACCA, as an "unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." Taylor, 495 U.S. at 599.  When determining if a

guilty plea to a burglary offense coincides with the generic definition, this court is permitted to look only to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). Moreover, if the plea refers to a non-generic statute, the court is limited to the terms of the charging document, plea agreement, or transcript of the colloquy in which the factual basis for the plea was confirmed by the defendant to determine if that particular offense amounts to a "violent felony" for ACCA enhancement. Id. at 26.

On October 19, 1992, Joslin pleaded guilty to a burglary of a habitation in Texas state court. The Texas Penal Code provision in effect at that time provided that a person commits burglary if, without the consent of the owner, he:

(1) enters a habitation, or building (or any portion of a building) not then open to the public, with the intent to commit a felony or theft; or (2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or (3) enters a building or habitation and commits or attempts to commit a felony or theft.

TEX. PENAL CODE § 30.02 (1991).[1] Under the code, an "owner" is a person who has "title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." § 1.07(a)(24) (1991).[2] The charging document stated that Joslin "[w]ith intent to commit a theft, entered a habitation owned by Pedro Villanueva, a person having greater right to possession than Defendant and hereafter styled the Complainant, without effective consent of the Complainant, namely, without consent of any kind." The Harris County District Court then sentenced him to five years of imprisonment.

---

[1] § 30.02 was amended in 1999 to include assault, but otherwise the statute has not changed.

[2] § 1.07(a)(24) is now codified as § 1.07(a)(35)

The Fifth Circuit has consistently held that an offense under § 30.02(a)(1) coincides with the "generic" burglary definition necessary to prove a "violent felony" for the purposes of the ACCA. United States v. Eddins, 451 F. App'x 395, 396 (5th Cir. 2011); United States v. Constante, 544 F.3d 584, 585-86 (5th Cir. 2008) (citing United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992)). However, this court does not recognize § 30.02(a)(3) as a generic burglary because it lacks the element of intent. Constante, 544 F.3d at 586. Because Joslin's plea fails to detail the specific subsection of the offense, the court may look to the language in the plea agreement to determine which subsection is applicable. See Eddins, 451 F. App'x at 396.

The charging document's language "with intent to commit theft, entered a habitation. . ." clearly tracks that found in § 30.02(a)(1) (1991) stating a person commits an offense of burglary if "without the effective consent of the owner, he enters a habitation. . . with the intent to commit a felony or theft," which this court has repeatedly held is generic burglary for purposes of ACCA enhancement. Id.

We must note, however, that United States v. Silva and its progeny do not consider offenders with lesser possessory interests. Nevertheless, Joslin has failed to provide on appeal any evidence that Congress intended to exclude Texas' unique definition of ownership when applying the ACCA. In Taylor v. United States, the Supreme Court found that Congress listed burglary, along with arson, in its enumerated offenses because of the crime's "inherent potential for harm to persons." 495 U.S. at 588. The Court found that Congress intended to prohibit crimes that often result in the possibility of violence between the offender and an occupant. Id.

Merely maintaining an inferior possessory interest in a habitation does not extinguish the potential violence that may result when a person enters a habitation with intent to commit theft. Therefore, we find that Joslin's 1992 conviction is the type of generic crime contemplated by Congress, and, based on

this court's consistent precedent since Silva, the district court properly included the offense when applying the ACCA enhancement.

## B. 1997 Texas Deferred Adjudication

We review issues first raised on appeal for plain error. United States v. Gore, 636 F.3d 728, 742 (5th Cir. 2011), cert. denied, 132 S. Ct. 1633 (2012). Joslin did not object to the use of the August 7, 1997 Texas deferred adjudication for burglary of a building when the district court applied the statutory enhancement. Accordingly, this court reviews the issue for plain error, and, under this standard, we may reverse if the district court's error was clear or obvious, and affected the defendant's substantial rights. Id. If Joslin can prove such error, this court has the discretion to correct it, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Puckett v. United States, 556 U.S. 129, 135 (2009).

Under the statute, a conviction shall be determined "in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). As a result, Texas law applies when defining a conviction for sentence enhancement under the ACCA. Under Texas law, a conviction always requires an adjudication of guilt. McNew v. State, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978); see also, Webb v. City of Dallas, 211 S.W.3d 808, 816 (Tex. App.–Dallas 2006, pet. denied) (stating discharge of a deferred adjudication usually constitutes a dismissal without conviction)). Furthermore, the Texas Code of Criminal Procedure states that upon expiration of the deferred adjudication probation, "if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c). However, 42.12 § 5(c) also provides, "upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty." Art. 42.12 § 5(c)(1).

Joslin argues that the district court plainly erred when it included his 1997 deferred adjudication for burglary of a building because he was never adjudicated guilty. He asserts that, under McNew's requirement of adjudication of guilt, the offense does not satisfy a "conviction" for purposes of ACCA enhancement. Therefore, Joslin contends, the district court plainly erred when including the offense as a "violent felony."

We have previously recognized, when considering a different enhancement provision, that a Texas deferred adjudication following a guilty plea counts as a conviction under federal law regardless of whether there is an adjudication of guilt. United States v. Washington, 480 F.3d 309, 318 (5th Cir. 2007) (citing United States v. Joshua, 305 F.3d 352 (5th Cir. 2002) (per curiam)) (noting that "a deferred adjudication is a conviction for purposes of [U.S.S.G. §] 4B1.1"); but see United States v. Mondragon-Santiago, 564 F.3d 357, 368 n.9 (5th Cir. 2009) (noting, in a case interpreting 8 U.S.C. § 1101, that "[u]nder Texas law, a deferred adjudication is neither a conviction nor a sentence."). In United States v. Daniels, this court affirmed the district court's conclusion that a Texas deferred adjudication sentence may be applied as a prior conviction under state and federal law during subsequent sentencing proceedings, regardless of dismissal of the state indictment. 588 F.3d 835 (5th Cir. 2009) (holding that a guilty plea for which the defendant received a deferred adjudication counted as a conviction under federal law for purposes of U.S.S.G. § 4B1.1). Therefore, we cannot find that the district court plainly erred under Art. 42.12 § 5(c)(1) or the holding in Daniels when it included Joslin's deferred adjudication as a prior conviction.[3]

---

[3] Our opinion is not intended to serve as a final determination that a deferred adjudication following a guilty plea counts as a conviction under Texas law for purposes of the Armed Career Criminal Act. Instead, our holding is much narrower. We conclude only that the district court did not plainly err, against a background of both federal and Texas law, in holding that Joslin's deferred adjudication counted as a conviction for purposes of subsequent federal sentencing, under Texas law.

CONCLUSION

Because Joslin has failed to prove that the district court improperly included either the 1992 or 1997 offense when applying the ACCA sentence enhancement, there were three predicate offenses, and the district court did not err in sentencing Joslin to fifteen years of imprisonment under 18 U.S.C. § 924(e), we AFFIRM the judgment of the district court.