# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 17, 2013

Lyle W. Cayce
Clerk

No. 12-20237
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR SANTANA CARDENA GONZALES, also known as Cornelio Martinez Espinoza, also known as Edgar Santana Gonzalez Cardenas, also known as Edgar Santana Cardenas-Gonzalez, also known as Edgar Santana Cardenas-Gonzales, also known as Edgar Santana Cardenas, also known as Reynaldo Garza-Medina, also known as Eladio Vasquez, also known as Edgar Cardenas Gonzalez, also known as Reynaldo Garza Medina, also known as Edgar Gonzalez Cardenas, also known as Edgar Cardenas Gonzales, also known as Cornelio Espinoza Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-818-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edgar Santana Cardenas Gonzales pleaded guilty, without the benefit of a plea agreement, to illegal reentry by a previously deported alien after an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony.  The probation officer calculated a total offense level of 22, which included a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Cardenas Gonzales's prior Texas conviction for burglary of a habitation. Cardenas Gonzales objected to the 12-level enhancement on the grounds that Texas's burglary of a habitation offense does not meet the generic definition of burglary of a dwelling because a person may be convicted of burglary in Texas if he enters onto property without the consent of another person who has a greater right to possession of the property.  At sentencing, the district court overruled the objection.

On appeal, Cardenas Gonzales challenges his sentence.  We review sentences for reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We first determine whether the district court committed any significant procedural error.  *Id.*  If we find procedural error, we will remand unless the proponent of the sentence shows the error is harmless, i.e., that it did not affect the district court's selection of the sentence.  *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

Cardenas Gonzales argues that Texas's burglary of a habitation offense does not meet the generic definition of burglary of a dwelling and thus does not constitute a crime of violence.  If the statute's definition of an offense is broader than the generic definition, then that offense cannot serve as a predicate for the adjustment.  *United States v. Sanchez*, 667 F.3d 555, 561 (5th Cir. 2012).  This court has held that burglary of a habitation under § 30.02(a)(1) of the Texas Penal Code, the statute Cardenas Gonzales was convicted under, constitutes burglary of a dwelling and supports an enhancement under § 2L1.2.  *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005).  According to Cardenas Gonzales, because a person can be convicted of burglary of a habitation even if he has a legitimate right to possess the property, the Texas statute is broader than the generic definition of burglary of a dwelling.  We recently rejected a materially indistinguishable argument in *United States v. Joslin*, No.

11-40863, 2012 WL 3488717, *4 (5th Cir. Aug. 14, 2012), reasoning that "[m]erely maintaining an inferior possessory interest in a habitation does not extinguish the potential violence that may result when a person enters a habitation with the intent to commit theft." *Id.* Although *Joslin* is unpublished, we find it persuasive. *See United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir.), *cert. denied*, 132 S. Ct. 178 (2011).

AFFIRMED.