# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2013

No. 12-40394
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO HERNANDEZ-SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
Case No. 5:11-CR-1304-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Hernandez-Salazar pleaded guilty to illegal reentry, in violation of 18 U.S.C. § 1326, and was sentenced to 78 months' imprisonment and a three-year term of supervised release. He raises two issues on appeal: whether the district court erred in (1) imposing a 16-level sentence enhancement based on his prior Texas conviction for burglary of a habitation,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40394

and (2) refusing to adjust downward his offense level pursuant to U.S.S.G. § 3E1.1(b).

Because he did not preserve those issues, our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail, Hernandez-Salazar must demonstrate a legal error that is clear or obvious and affected his substantial rights. *Id.* If he makes that showing, we have discretion to remedy the error—"discretion which ought to be exercised only if the error 'seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.*

Section 2L1.2(b)(1)(A)(ii) of the Guidelines increases a defendant's offense level by 16 levels if he was previously removed following a conviction for, *inter alia*, "burglary of a dwelling," an enumerated "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1 (B)(iii) (2012). The indictment, a *Shepard*-approved document, clarifies that appellant was convicted of § 30.02(a)(1) of the Texas Penal Code: knowingly and intentionally entering a habitation, without the effective consent of the owner, with the intent to commit theft. *United States v. Murillo-Lopez*, 444 F.3d 337, 341, 344–45 (5th Cir. 2006) (noting that courts may look to certain adjudicative records, including the charging document, to determine whether a prior offense qualifies as a crime of violence). Because we have held that burglary of a habitation under § 30.02(a)(1) fits within the generic definition of "burglary of a dwelling" and correspondingly qualifies as a "crime of violence" under § 2L1.2(b)(1)(A)(ii), we discern no plain error. *United States v. Garcia-Mendez*, 420 F.3d 454, 456–57 (5th Cir. 2005); *United States v. Morales-Mota*, No. 12-40491, --- F. 3d ---, ---, 2013 WL 104935, at *2 (5th Cir. Jan. 9, 2013) (per curiam) (citing *United States v. Joslin*, No. 11-40863, 2012 WL 3488717, at *2–*4 (5th Cir. Aug. 14, 2012) (per curiam).

In addition, Hernandez-Salazar objects to the government's policy of declining to move for an additional one-level offense-level reduction when the defendant insists on retaining his right to appeal. As he acknowledges, his claim

2

No. 12-40394

is foreclosed by *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008). Accordingly, Hernandez-Salazar has demonstrated no plain error.

For the foregoing reasons, we AFFIRM.