# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2013

Lyle W. Cayce
Clerk

No. 12-20029
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NELSON ANTONIO SUAZO, also known as Antonio Nelson Suazo, also known as Nelson Suazo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-619-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nelson Antonio Suazo pleaded guilty to illegally reentering the United States after being deported. His offense level was increased for a Texas conviction for burglary of a habitation that was deemed a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court granted a downward variance and sentenced Suazo to 36 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Suazo contends that his prior Texas burglary was not a crime of violence because Texas law too broadly defines the "owner" of a habitation as a person with merely "greater right to possession" than the criminal actor. We review only for plain error because the issue is raised for the first time on appeal. *See United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009). Suazo must, at minimum, show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

We recently rejected an indistinguishable argument in *United States v. Joslin*, 487 F. App'x 139, 142-43 (5th Cir. 2012), when we held that, notwithstanding the "greater right to possession" theory, a Texas conviction for burglary of a habitation constitutes the "violent felony" of generic burglary under the Armed Career Criminal Act (ACCA). The definition of "violent felony" under the ACCA is the same as the definition of "crime of violence" in § 2L1.2. *United States v. Najera-Mendoza*, 683 F.3d 627, 631 n.3 (5th Cir. 2012). Accordingly, *Joslin*, though unpublished, is on point and sufficient to show that there was no obvious or plain error. *See Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED.