# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2013

Lyle W. Cayce
Clerk

No. 11-20806
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER HERNANDEZ ALARCON, also known as
Javier Hernandez, also known as Javier Hernandez Alcon,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-368-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Hernandez Alarcon pleaded guilty to being found in the United States illegally after being deported. His offense level was increased for a Texas conviction for burglary of a habitation that was deemed a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and was sentenced to 40 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alarcon contends that the Texas burglary of which he was convicted was not a crime of violence because Texas law too broadly defines the "owner" of a habitation as a person with merely "greater right to possession" than the criminal actor.  We review for plain error only because Alarcon raised the issue for the first time on appeal.  *See United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009).  Alarcon must, at a minimum, show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

We recently rejected an indistinguishable argument in *United States v. Joslin*, 487 F. App'x 139, 142-43 (5th Cir. 2012), when we held that, notwithstanding the Texas theory of a "greater right to possession," a Texas conviction for burglary of a habitation constitutes the "violent felony" of generic burglary under the Armed Career Criminal Act (ACCA).  The definition of "violent felony" under the ACCA is the same as the definition of "crime of violence" in § 2L1.2.  *United States v. Najera-Mendoza*, 683 F.3d 627, 631 n.3 (5th Cir. 2012).  Accordingly, *Joslin*, though unpublished, is on point and sufficient to show that there was no plain or obvious error.  *See Puckett*, 556 U.S. at 135.  The judgment of the district court is AFFIRMED.