**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

Lyle W. Cayce
Clerk

No. 12-41117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1377-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rolando Villarreal pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because Villarreal had three prior violent felony convictions, his sentence was enhanced pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). He was sentenced to 188 months' imprisonment and two years of supervised release.

Villarreal argues the district court erred by imposing the enhanced penalties under the ACCA based on his prior Texas burglary conviction. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that Texas law defines the owner of a habitation as a person with merely a greater right to possession than the criminal actor and that this places the Texas crime outside the generic definition of burglary of a dwelling. This court recently rejected an indistinguishable argument in *United States v. Joslin*, 487 F. App'x 139, 142-43 (5th Cir. 2012). We find *Joslin* instructive and persuasive. *See United States v. Morales-Mota*, 704 F.3d 410, 411-12 (5th Cir. 2013) (applying plain-error review). The district court did not err in applying the ACCA in this case.

In an argument he concedes is foreclosed, Villarreal argues the enhancement under the ACCA could not apply to him because the factual predicate, his three prior violent felonies, were not charged in the indictment, not admitted, and not proved to a jury. The ACCA "does not create a separate offense but is merely a sentence enhancement provision." *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006) (quoting *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002)) (brackets and quotation marks omitted). Consequently, "'neither the statute nor the Constitution requires a jury finding on the existence of the three felony convictions required for the enhancement.'" *Id.* (quoting *Stone*, 306 F.3d at 243).

Villarreal argues that Section 922(g) does not require a substantial effect on interstate commerce and is, therefore, unconstitutional on its face and as applied. As he concedes, his argument is foreclosed by this court's precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

Finally, Villarreal asserts that the district court plainly erred by impermissibly delegating the authority to order him to participate in mental health, drug treatment, and anger management programs as deemed necessary by his probation officer. He concedes that his argument is foreclosed. *See United States v. Bishop*, 603 F.3d 279, 282 (5th Cir. 2010); *United States v. Rodriguez*, 558 F.3d 408, 414-17 (5th Cir. 2009).

No. 12-41117

The district court's judgment is AFFIRMED.  The Government's motion for summary affirmance and its alternative motion for an extension of time to file a brief are DENIED.