# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-40857
Summary Calendar

April 18, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORNELIO MORONES-VARGAS, also known as Rigoberto Gonzalez-Zuniga,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-315-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cornelio Morones-Vargas appeals the 70-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation. He asserts that the district court erred in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on its determination that his prior Texas burglary-of-a-habitation conviction was a crime of violence. Specifically, he argues that his conviction was not for generic burglary because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Texas Penal Code uniquely includes burglary convictions under a "greater right to possession" theory.

Because he objected to the enhancement in the district court on this ground, we review the issue *de novo*. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We agree with the panel that recently rejected this contention, finding persuasive its reasoning that "[m]erely maintaining an inferior possessory interest in a habitation does not extinguish the potential violence that may result when a person enters a habitation with the intent to commit theft." *United States v. Joslin*, 487 F. App'x 139, 141-43 (5th Cir. 2012). *See also United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013) (affirming on plain-error review a 16-level sentencing enhancement under Section 2L1.2(b)(1)(A)(ii) based on a Texas conviction for burglary of a habitation under Texas Penal Code Section 30.02(a)(1)). Accordingly, the judgment of the district court is AFFIRMED.