# United States Court of Appeals
## for the Fifth Circuit

_____

No. 19-40811

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROLANDO VILLARREAL,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CV-299

_____

Before HIGGINBOTHAM, SMITH, and ELROD, *Circuit Judges*.
PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

Rolando Villarreal pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court enhanced Villarreal's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), finding that the ACCA's sentencing enhancement was applicable because of a prior burglary and two prior aggravated assaults. Villarreal filed a motion under 28 U.S.C. § 2255 challenging the enhancement. In light of *Borden v. United States*, we VACATE the sentence and REMAND the case to the district court with instructions to resentence Villarreal without the ACCA enhancement.

No. 19-40811

## I.

This case has an extensive procedural history, as it traversed decisions by the Supreme Court and this Court in defining the limits of the ACCA.[1] Villarreal's appeal bounced between the district court, this Court, and the Supreme Court over the span of six years from the filing of his motion under 28 U.S.C. § 2255. The district court wrestled with at least three intervening Supreme Court cases and other decisions from this Court.

On September 8, 2011, Rolando Villarreal was charged with one count under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm and on February 6, 2012, pleaded guilty. At rearraignment, the judge told Villarreal that his sentence "[could] be up to ten years' imprisonment." The government objected to Villarreal's initial presentence report on the grounds that Villarreal was an armed career criminal under the ACCA, codified as 18 U.S.C. § 924(e). The ACCA provides for a sentencing enhancement for persons convicted of violating 18 U.S.C. § 922(g) (felon-in-possession) after three prior convictions "for a violent felony or serious drug offense."[2] It defines "violent felony" as a "crime punishable by imprisonment for a term exceeding one year" which:

> (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another; or"

> (2) "is burglary, arson, or extortion, [or] involves use of explosives, or"

---

[1] *See, e.g., Johnson v. United States*, 576 U.S. 591 (2015); *Borden v. United States*, 141 S. Ct. 1817 (2021); *United States v. Clay*, 921 F.3d 550 (5th Cir. 2019).

[2] 18 U.S.C. § 924(e)(1).

(3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."[3]

The first clause (1) is referred to as the "elements" or "force" clause, and the third clause (3) is the "residual" clause. A *Borden* claim speaks to the elements clause, and a *Johnson* claim challenges the district court's use of the residual clause when sentencing.[4]

Following the government's objection, the revised PSR found that the ACCA's sentencing enhancement was applicable because Villarreal had been convicted for a prior burglary of habitation and two prior aggravated assaults, and he was subject to a mandatory minimum of 15 years' imprisonment. The district court overruled Villarreal's objections to the use of the burglary conviction and sentenced him to 188 months. Villarreal appealed his sentence arguing, *inter alia*, that "the district court erred by imposing the enhanced penalties [of the ACCA] . . . based on his prior Texas burglary conviction."[5] His appeal did not challenge the use of the aggravated assault convictions as a basis for his enhancement. This Court rejected Villarreal's challenge to the use of the burglary conviction and affirmed the district court's judgment on April 17, 2013.[6]

In June 2015, the Supreme Court issued its opinion in *Johnson v. United States*, holding that the ACCA's residual clause was unconstitutionally vague.[7] The Supreme Court held that *Johnson* applied

---

[3] 18 U.S.C. §924(e)(2)(B).

[4] *See generally Johnson*, 576 U.S. at 593–97; *Borden*, 141 S. Ct. at 1822–25.

[5] *United States v. Villarreal*, 519 F. App'x 236 (5th Cir. 2013) (unpublished).

[6] *Id.* at 237.

[7] *Johnson*, 576 U.S. at 593–95.

retroactively to cases on collateral review.[8] In light of these developments at the Supreme Court, Villarreal promptly filed his motion to vacate his sentence under 28 U.S.C. § 2255 on June 6, 2016. His *pro se* motion asserted that the ACCA enhancement was in error in light of *Johnson*, specifically citing to the ACCA's residual clause. The district court found that, in light of *Johnson*, Villarreal's motion may have been timely and ordered the government to respond. Unsure whether the motion was timely, the district court allowed Villarreal to file a supplemental memorandum to provide "any other information or legal authority regarding the timeliness of his § 2255 motion (apart from what is set out in his initial briefing)."

Prior to the government's response, Villarreal filed a supplemental memorandum in which he moved to amend his petition under Fed. R. Civ. P. 15(a) & (d). The supplemental memorandum stated, in part:

> As Villarreal could be convicted under the Texas statute for causing serious bodily injury or assaulting a peace officer absent proof he used physical force, his prior offenses are not crimes of violence based on the residual clause (or force clause) of the ACCA . . . Fifth Circuit decisions recognize that to qualify as a crime of violence under the residual clause, or force clause for that matter, a statute must focus on the means used to commit the crime, not its result. Using force is a crime of violence, causing injury is not.

In response, the government did not contend that Villarreal's sentence enhancement was not pursuant to the residual clause. Rather, it argued that Villarreal's aggravated assault convictions fell under ACCA's "elements" or "force" clause. Villarreal filed his response, arguing that his

---

[8] *Welsh v. United States*, 578 U.S. 120, 135 (2016).

burglary conviction could not qualify as a predicate offense under the ACCA in light of the Supreme Court's June 23, 2016, decision in *Mathis v. United States*.[9] One day before Villarreal filed his response, this Court handed down *United States v. Herrold*, which itself reviewed *Mathis*.[10] *Herrold* held that Texas' burglary of habitation no longer qualifies as a violent felony under § 924(e).[11] About two months after his response, Villarreal asked "that Judicial Notice be taken in light of *United States v. Herrold*." Villarreal also raised for a third time his request to be appointed counsel, which the district court finally granted.

The magistrate judge issued an initial report that recommended granting Villarreal's § 2255 motion in light of *Johnson* and *Herrold*.[12] Both parties objected to the magistrate judge's recommendations. The magistrate judge then asked for additional briefing in light of *United States v. Clay*, which held that "a prisoner bringing a successive § 2255 petition must show that it is 'more likely than not' that the sentencing court relied on the residual clause to prove that his claim 'relies on' *Johnson*."[13] After briefing, the magistrate judge recommended dismissing Villarreal's petition for

---

[9] 579 U.S. 500 (2016). In *Mathis*, the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. *Id.*

[10] 883 F.3d 517, 520 (5th Cir. 2018) (en banc), *cert. granted*, *judgment vacated*, 139 S. Ct. 2712 (2019).

[11] *Id.*

[12] Villarreal objected to the magistrate judge's conclusions with respect to his aggravated assault convictions. The government objected that Villarreal's petition was untimely.

[13] *Clay*, 921 F.3d at 553.

No. 19-40811

untimeliness. Villarreal objected and the district court adopted the magistrate's recommendation. Villarreal appealed.

This Court denied Villarreal's motion for a certificate of appealability ("COA"), finding Villarreal had failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right."[14] Villarreal petitioned for certiorari, with the following questions presented:

> I. Whether a statute has as an element the use of force against the person of another when a conviction under that statute can be based on a reckless mental state.

> II. Whether reasonable jurists could debate the district court's decision to dismiss Mr. Villarreal's motion to vacate.[15]

The Supreme Court granted Villarreal's petition and vacated the judgment, remanding the case to our Court in light of *Borden v. United States*.[16] In *Borden*, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the ACCA.[17]

Our Court then issued a remand to the district court in which "[w]e express[ed] no opinion on whether Villarreal should be allowed to amend his petition . . . which [is a] matter[] left to the sound discretion of the district

---

[14] *United States v. Villarreal*, No. 7:16-CV-299, 2020 WL 9255215, at *1 (5th Cir. Dec. 29, 2020) *cert. granted, judgment vacated*, 142 S. Ct. 56 (2021) (unpublished) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[15] Petition for Writ of Certiorari, *Villarreal v. United States*, 142 S.Ct. 56 (2021) (mem.) (No. 20-7790).

[16] *Villarreal*, 142 S. Ct. at 56–57.

[17] *Borden*, 141 S. Ct. at 1817.

court." After this Court remanded, the United States filed a motion to reconsider the remand order. It argued that because Villarreal did not have a COA, the court lacked jurisdiction to remand the case as it did. We subsequently withdrew the remand order and remanded for consideration of whether Villarreal was entitled to a COA. Villarreal moved for a COA, and the government agreed a COA should issue. After a proposed COA, and Villarreal's objection to that proposal, the district court adopted the magistrate judge's originally proposed COA. Villarreal appealed, and this court eventually amended the COA. The amended COA reads: "[d]oes Movant's petition assert a claim that Movant's sentence was improperly enhanced under the 'elements' or 'force' clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on the predicate offense that allowed conviction for reckless conduct?"

## II.

"In challenges to district court decisions under 28 U.S.C. § 2255, we measure findings of fact against the clearly erroneous standard and questions of law *de novo*."[18] The dispositive question in this appeal is whether Villarreal's § 2255 motion asserted a *Borden* claim. If so, then we must reach the merits of the case and address whether Villarreal is entitled to the requested relief as a matter of law.

## III.

First, we find that Villarreal did assert a *Borden* claim in his § 2255 motion. Villarreal has consistently asserted the claim that his ACCA sentence could not be justified by his prior Texas aggravated assault convictions because the statute of conviction did not meet the requirements

---

[18] *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

of the elements or force clause as it allowed for a conviction for reckless conduct. That is a *Borden* claim, the issue framed by the COA.

As an initial matter, we note that "[p]ro se habeas corpus petitions must be construed liberally."[19] That is especially true in this case, as Villarreal's motion has bounced between the district court, this Court, and the Supreme Court over the span of six years, traversed by multiple intervening cases from the Supreme Court.

In June 2016, Villarreal filed his handwritten *pro se* petition arguing that none of his prior convictions could be the basis for an ACCA enhancement under the now-unconstitutional "residual" clause. In his September 28, 2016, supplemental memorandum, Villarreal additionally argued that his prior convictions did not meet the ACCA force or elements clause because the Texas assault statute "[f]irst off . . . only provides that the government prove that a defendant created a risk of harm to another." The supplemental memorandum spelled out the elements of the Texas aggravated assault statute, which allows a conviction when a person "*recklessly* causes bodily injury."[20] The supplemental memorandum also stated: "Petitioner contends that both priors of aggravated assault are void of the use of force and physical force clauses of [the ACCA]. . . . absent proof he used physical force, [Villarreal's] prior offenses are not crimes of violence based on the . . . force clause." The supplemental memorandum explained that:

> [A]n assault under [the relevant Texas aggravated assault statutes] could be committed absent the use of destructive or

---

[19] *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam) (citing *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir.1988)).

[20] TEX. PENAL CODE ANN. §22.01(a)(1)(3) (emphasis added).

violent force . . . Petitioner Villarreal contends that the Texas assault statute could be violated not only in a nonviolent manner, yet by the mere act of some sort of physical contact like touching . . . Fifth Circuit decisions recognize that to qualify as a crime of violence under the residual clause, or force clause for that matter, a statute must focus on the means used to commit the crime, not its result.

The supplemental memorandum pressed the claim that, under the relevant case law at the time, his aggravated assault convictions did not meet the elements or force clause requirement as the Texas aggravated assault statute allowed convictions for reckless conduct.

It is not true then, as Appellee argues, that construing the above language to read like a *Borden* claim "would require this [C]ourt to stretch the principle of liberal construction of *pro se* pleadings beyond recognition."[21] Of course, Villarreal is not prescient—he could not have known that the technical "label" courts would use to describe the kind of claim he advanced in his supplemental memorandum would be called a "*Borden*" claim. While labels are useful analytical tools in distinguishing between different types of claims, they are not dispositive. Rather, although there is limited case law in the Fifth Circuit discussing the standard to assess whether something is a new claim or an argument in furtherance of an existing claim, at minimum this Court looks to the substance of the claim.[22] And in this case, as spelled out in the supplemental memorandum, the substance of Villarreal's claim is that his predicate aggravated assault convictions did not meet the elements

---

[21] *United States v. Martin*, 68 F.3d 464, 464 n.1 (5th Cir. 1995) (unpublished).

[22] *See Russell v. Denmark*, 68 F.4th 252, 269 (5th Cir. 2023).

or force clause requirement of the ACCA as they allowed for convictions for reckless conduct without the requisite *mens rea*. That is a *Borden* claim.

The dissent faults us for attempting to "shoehorn" the Texas aggravated assault statute's *mens rea* requirement into Villarreal's "actual" argument, "which is about the *actus reus*." Sophistry aside, Villarreal pressed the claim that the Texas assault statute only requires proof that a defendant created a risk of harm to another, i.e., that his sentence was enhanced under a statute that allows for convictions for reckless conduct. Villarreal cited to the relevant statute, which again on its own terms allows for convictions when a person "recklessly causes bodily injury."[23] The COA, as amended by this Court, asks whether Villarreal's petition asserts a claim that his sentence was improperly enhanced under the 'elements' or 'force' clause of the ACCA "based on the predicate offense that allowed conviction for reckless conduct?" Considering Villarreal's incarcerated pro se status, his petition asserted exactly that—Villarreal argued that his sentence was improperly enhanced under a statute that allows for convictions for reckless conduct lacking the requisite *mens rea*.

## IV.

As Villarreal's § 2255 motion, as amended by the supplemental memorandum, included a *Borden* claim, this Court will reach the merits of his claim. We hold that Villarreal's sentence enhancement under the ACCA must be vacated.

Villarreal's sentence is "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). After *Borden*, convictions under the relevant aggravated assault statute here, Texas Penal Code §§ 22.02(a)(1) and

---

[23] TEX. PENAL CODE ANN. §22.01(a)(1)(3).

No. 19-40811

22.02(a)(2), cannot constitute predicate offenses under the ACCA because the offenses do not require the "physical use of force against the person of another."[24] In this case, because Villarreal's sentence was enhanced based on two predicate aggravated assault convictions that do not qualify as violent felonies, Villarreal's sentence enhancement under the ACCA must be vacated. The government, while rightfully duty bound to defend its position in this years-long litigation, responsibly concedes that should this Court find Villarreal asserted a Borden claim, he would be entitled to the requested relief.

\* \* \* \* \*

Villarreal's request for relief has been bouncing among the federal courts for over six years. But no more. Because we find that Villarreal asserted a *Borden* claim in his § 2255 motion, and because his two predicate aggravated assault convictions are not violent felonies for purposes of the ACCA, we VACATE Villarreal's sentence and REMAND the case to the district court with instructions to resentence Villarreal without consideration of the ACCA.

---

[24] *United States v. Gomez Gomez*, 23 F.4th 575, 577 (5th Cir. 2022) (quoting *Borden*, 141 S. Ct. at 1821–22, 1825) (explaining that "[c]onviction under 8 U.S.C. § 1326(b)(2) requires a prior 'aggravated felony' conviction. The term 'aggravated felony' is defined to include 'crime[s] of violence,' which are defined by reference to 18 U.S.C. § 16. *See* 8 U.S.C. § 1101(a)(43)(F). That provision in turn defines a 'crime of violence' as 'an offense that has as an element the use ... of physical force against the person ... of another.' 18 U.S.C. § 16(a). The Supreme Court held in *Borden* that an offense requiring the 'use of physical force against the person of another' does not include offenses with a mens rea of recklessness . . . . The prior Texas offense to which Gomez Gomez pleaded guilty includes three indivisible mental states, one of which is recklessness . . . . For this reason, Gomez Gomez's predicate conviction does not qualify as a 'crime of violence' in light of *Borden*, and accordingly, it does not fit the definition of 'aggravated felony' for the purpose of 8 U.S.C. § 1326(b)(2).").

No. 19-40811

JERRY E. SMITH, *Circuit Judge*, dissenting:

Villarreal's sentence probably could not have been handed down after *Borden*.[1]  Seeing merit in the merits, the majority hastily casts aside procedural strictures.  Since letting Villarreal amend his claim is obviously prohibited by 28 U.S.C. § 2244(b)(3), the majority stretches the "claim" in Villarreal's petition well beyond what our law can bear.

 I respectfully dissent.

## I.

Before we even reach the question of "Did Villarreal assert a *Borden* claim?", this case should end based on the jurisdictional constraints provided by the certificate of appealability ("COA").

"We have jurisdiction to address only the issue[s] specified in the COA." *United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009) (per curiam).  The COA is a matter of subject matter jurisdiction.  *Cf. Moore v. Quarterman*, 534 F.3d 454, 459 (5th Cir. 2008).  And, of course, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal."  *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

That necessarily raises the question: "Did the majority answer the issue specified in the COA?"  The COA reads, "Does Movant's petition assert a claim that Movant's sentence was improperly enhanced under the 'elements' or 'force' clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), *based on the predicate offense that allowed conviction for reckless conduct*?" (Emphasis added.)

 The majority says, "Villarreal has consistently asserted the claim

---

[1] *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality).

No. 19-40811

that his ACCA sentence could not be justified by his prior Texas aggravated assault convictions because the statute of conviction did not meet the requirements of the elements or force clause *as it allowed for a conviction for reckless conduct*." (Emphasis added). Yet the majority does no work to substantiate the latter part of its bold assertion. The majority cannot identify even one iota of language to suggest that Villarreal took issue with the Texas aggravated assault statute *because* "it allowed for a conviction for reckless conduct."[2] He plainly did not do that.

Instead, the majority addends the latter phrase to pretend that its inquiry fits within the language of the COA. The COA asks whether Villarreal's "petition assert[s] a claim" that his sentence was improperly enhanced "based on the predicate offense that allowed conviction for reckless conduct." But, although the Texas aggravated assault statute incidentally requires a *mens rea* of recklessness, that is not the basis of Villarreal's petition. So, in what will become a double feature, the majority turns a blind eye to its jurisdictional limits and functionally answers a similar but distinctly broader question: "Does Movant's petition assert a claim that Movant's sentence was improperly enhanced under the 'elements' or 'force' clause of the [ACCA], . . . ?"[3] That, however, is not the question before us. Exeunt stage left.

## II.

Yet the majority ventures on to a more egregious second act. Recall how the majority characterizes Villarreal's claim: "Villarreal has consis-

---

[2] In fact, Villarreal's claim is plainly about the *actus reus* of the Texas aggravated assault statute; the only reference to *mens rea* comes from the fact that Villarreal quoted the relevant part of the statute in full. *See infra*.

[3] Regrettably, one cannot effectively emphasize ellipses.

13

tently asserted the claim that his ACCA sentence could not be justified by his prior Texas aggravated assault convictions because the statute of conviction did not meet the requirements of the elements or force clause *as it allowed for a conviction for reckless conduct*." (Emphasis added.)

As the majority notes, that is a *Borden* claim.[4] But—crucially—it is not *Villarreal's* claim. Rather, his claim is more accurately characterized as follows: "Villarreal has consistently asserted the claim that his ACCA sentence could not be justified by his prior Texas aggravated assault convictions because the statute of conviction did not meet the requirements of the elements or force clause *as it allowed for a conviction absent physical force*."[5]

The majority's attempt to shoehorn a reference to the Texas aggravated assault statute's *mens rea* requirement into Villarreal's argument is, at best, misleading. In the midst of quoting Villarreal's actual argument, the

---

[4] At one other place in the opinion, the majority might be read to suggest a much broader conception of what constitutes a *Borden* claim: "A *Borden* claim speaks to the elements clause, and a *Johnson* claim challenges the district court's use of the residual clause when sentencing." But, despite the lack of clarity here, the majority's narrower construction of a *Borden* claim elsewhere counsels reading this not as a complete definition of a *Borden* claim, but only as pointing out one way in which a *Borden* claim is different from a *Johnson* claim.

[5] The supplemental memorandum has two crucial passages (as quoted and altered by the majority): First, "Petitioner contends that both priors of aggravated assault are void of the use of force and physical force clauses of [the ACCA]. . . . [A]bsent proof he used physical force, [Villarreal's] prior offenses are not crimes of violence based on the . . . force clause." And second,

> [A]n assault under [the relevant Texas aggravated assault statutes] could
> be committed absent the use of destructive or violent force . . . Petitioner
> Villarreal contends that the Texas assault statute could be violated not only
> in a nonviolent manner, yet by the mere act of some sort of physical contact
> like touching . . . Fifth Circuit decisions recognize that to qualify as a crime
> of violence under the residual clause, or force clause for that matter, a stat-
> ute must focus on the means used to commit the crime, not its result.

majority not-so-casually addends—as if it were a part of Villareal's argument: "The supplemental memorandum spelled out the elements of the Texas aggravated assault statute, which allows a conviction when a person '*recklessly* causes bodily injury.'" (Emphasis added by the majority.) In reality, that provision of the statute has nothing to do with Villarreal's argument, which is about the *actus reus*.[6] Essentially, the majority has allowed the fact that Villarreal has quoted the relevant part of the statute in full to permit his claim to encompass all claims challenging that part of the statute.

Obviously, Villarreal need not "know[] . . . the technical 'label' courts would use to describe the kind of claim," but surely he must make the claim that *Borden* embodies—a claim that, in its substance, is plainly about *mens rea*.[7] Pretending otherwise is way out of step with our precedent. *See, e.g.*, *Russell v. Denamark*, 68 F.4th 252, 269 (5th Cir. 2023) (explaining that quoting the Sixth Amendment does not encompass all Sixth Amendment claims). And the majority, intermittently, recognizes this. Each time the majority appends something like "allowed for a conviction for reckless conduct" to its description of a *Borden* claim, the majority is right about what Villarreal had to say for his claim to be a *Borden* claim.

But the majority's approach has no limiting principle. According to

---

[6] After labeling the distinction between *actus reus* and *mens rea* "[s]ophistry," the majority obfuscates the difference between "creat[ing] a risk of harm to another" (an actus reus element) and acting recklessly (a mens rea element). The former is about the nature of the act itself and the latter about the mental state of perpetrator. This distinction is basic, and *Borden* is plainly about the latter. *See infra* note 7.

[7] The second sentence of the *Borden* plurality encapsulates its substance: "The question here is whether a criminal offense can count as a 'violent felony' if it requires only a *mens rea of recklessness*—a less culpable *mental state* than purpose or knowledge. We hold that a *reckless* offense cannot so qualify." *See* 141 S. Ct. at 1821–22 (emphasis added). Yet the majority functionally reads *Borden* to be in substance about what sorts of *actus rei* can serve as predicates under the ACCA.

No. 19-40811

the majority, as long as a pro se[8] habeas petitioner makes an argument about any part of a statute, and then quotes the statute in full, the courts must adjudicate all possible arguments about the applicability of that statute. At times, the majority appears surprisingly open about this. In one instance,[9] the majority says flatly, "A *Borden* claim speaks to the elements clause . . . ." If that were right (and complete), then anything that "speaks to the elements clause" falls within the ambit of Villarreal's petition.

But that is exceedingly broad. One may be tempted to ask: "So what?" This case is demonstrative of the core problem with such a rule. Villarreal's appeal is now in its seventh year. Allowing claims to shift between substantively different grounds sows the seeds for endless habeas litigation.

Because Villarreal did not assert a *Borden* claim, I respectfully dissent.

---

[8] Fortunately, the majority is clear that its holding is "[c]onsidering Villarreal's incarcerated pro se status." Though, of course, that he is incarcerated is of no import, since "federal habeas petitioners, by definition, are incarcerated." *Ryan v. Gonzales*, 568 U.S. 57, 72 (2013).

[9] Apparently in tension with its own—correct—narrower conception of a *Borden* claim. *See supra* note 4.