# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2013

Lyle W. Cayce
Clerk

No. 12-40491
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MORALES-MOTA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:

Francisco Morales-Mota pleaded guilty, without the benefit of a plea agreement, of being unlawfully present in the United States after having been deported. His offense level was enhanced by sixteen under U.S.S.G. § 2L1.2(b)-(1)(A)(ii) based on a conviction of burglary of a habitation with intent to commit theft, which was determined to be a crime of violence ("COV"). Morales-Mota ultimately received a forty-six-month sentence, which was at the bottom of the

advisory guideline range.

Morales-Mota challenges the enhancement, contending that Texas's burglary-of-a-habitation offense falls outside the generic, contemporary definition of burglary and thus does not constitute a COV. Because Morales-Mota did not raise that objection in the district court, our review is for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012). To succeed under that standard, Morales-Mota must show an error that is clear or obvious and that affects his substantial rights, but even so, we generally will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Section 2L1.2(b)(1)(A)(ii) provides for an increase of sixteen to a base offense level if the defendant was previously deported after being convicted of a COV. Among the enumerated COVs listed in the guideline commentary is burglary of a dwelling. § 2L1.2, comment. (n.1(B)(iii)). To determine whether a particular conviction is for an enumerated COV, we compare the generic, contemporary definition of the enumerated crime with the conduct described in the statute of conviction. *United States v. Lopez-DeLeon*, 513 F.3d 472, 474 (5th Cir. 2008). If the statute's definition of an offense is broader than the generic definition, that offense cannot serve as a predicate for the adjustment. *United States v. Sanchez*, 667 F.3d 555, 561 (5th Cir. 2012).

The generic, contemporary definition of burglary of a dwelling is the unlawful or unprivileged entry into, or remaining in, a building, structure, tent, or vessel used for human habitation, with intent to commit a crime.[1] The statute of conviction—TEX. PENAL CODE § 30.02(a)(1)—makes it a crime to enter into a habitation or building not open to the public, without consent of the owner,

---

[1] *See United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007); *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394-95 (5th Cir. 2007).

intending to commit a felony, theft, or assault. Morales-Mota's argument hinges on the definition of "owner," which under Texas law includes a person who has "a greater right to possession of the property than the actor." TEX. PENAL CODE § 1.07(35)(A). According to Morales-Mota, because a person can be convicted of burglary of a habitation even if he has a legitimate right to possess the property, the Texas statute is broader than the generic definition of burglary of a dwelling.

In *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005), we held that burglary of a habitation under § 30.02(a)(1) constitutes burglary of a dwelling and supports an enhancement under § 2L1.2, but we did not address Morales-Mota's contention. Recently we rejected a materially indistinguishable argument in *United States v. Joslin*, No. 11-40863, 2012 WL 3488717, at *3-*4 (5th Cir. Aug. 14, 2012) (per curiam) (unpublished), deciding that Texas's definition of "owner" did not bring its burglary-of-a-habitation statute outside the generic definition of burglary for purposes of the Armed Career Criminal Act ("ACCA"). *Id.*

In *Joslin*, we relied on the Supreme Court's observation that Congress listed burglary as an enumerated offense in the ACCA because of its "'inherent potential for harm to persons.'" *Id.* at *3 (quoting *Taylor v. United States,* 495 U.S. 575, 588 (1990)). "Merely maintaining an inferior possessory interest in a habitation does not extinguish the potential violence that may result when a person enters a habitation with intent to commit theft." *Id.* at *4. Though *Joslin* is unpublished and thus not precedential, it is instructive, its reasoning persuasive. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). Accordingly, the enhancement in this case was proper.[2]

The judgment of sentence is AFFIRMED.

---

[2] *See United States v. Najera-Mendoza*, 683 F.3d 627, 631 & n.3 (5th Cir. 2012) (employing the same analysis to determine whether an offense is a violent felony for purposes of the ACCA and whether an offense is a COV for purposes of the sentencing guidelines).