# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-40300
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO CAMPOS-CONTRERAS, also known as Pedro Mauricio Campos-Contreras,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1011-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Pedro Campos-Contreras appeals the sentence imposed following his guilty-plea conviction for being found in the United States after a previous deportation. He claims that the district court plainly erred in imposing a 16-level enhancement for committing a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on Campos-Contreras's Texas convictions for burglary of a habitation with intent to commit theft. He contends that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because his convictions fall under Texas's unique "greater right to possession" theory, they do not constitute generic burglary convictions under *Taylor v. United States*, 495 U.S. 575 (1990), and therefore were not convictions for burglary of a dwelling under § 2L1.2. As Campos-Contreras did not raise this objection in the district court, our review is limited to plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

We recently rejected this same contention in *United States v. Morales-Mota*, ___ F.3d ___, 2013 WL 104935 (5th Cir. Jan. 9, 2013) (No. 12-40491) (affirming a 16-level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for burglary of a habitation under § 30.02(a)). Accordingly, the district court's 16-level enhancement in this case was not error, plain or otherwise.

AFFIRMED.