# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2013

No. 11-20811
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNOLD AVILA AVELLANEDA, also known as Arnold Avila, also known as
Arnold Avila-Avellaneda,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-409-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Arnold Avila Avellaneda appeals the sentence imposed following his guilty
plea conviction for illegal reentry into the United States by a previously deported
alien after an aggravated felony conviction. He argues that the district court
plainly erred in imposing a 16-level crime of violence enhancement pursuant to
U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his Texas conviction for burglary of a
habitation with intent to commit theft. He contends that because his conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

falls under Texas's unique "greater right to possession" theory, it does not constitute a generic burglary conviction under *Taylor v. United States*, 495 U.S. 575 (1990), and, therefore, it was not a conviction for burglary of a dwelling under § 2L1.2. Because Avila Avellaneda did not raise this objection in the district court, review is limited to plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

We recently rejected this argument in *United States v. Morales-Mota*, ___ F.3d ___, 2013 WL 104935 (5th Cir. Jan. 9, 2013) (No. 12-40491). Accordingly, pursuant to *Morales-Mota*, the district court's application of the 16-level enhancement in this case was proper. *See id.*

AFFIRMED.