# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2013

Lyle W. Cayce
Clerk

No. 11-20911
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CARMEN SILVA GOMEZ, also known as Jose Carmen Silva, also known as Jose Carmen Silva-Gomez, also known as Tranquilin Silva Gomez, also known as Tranquilin Gomez, also known as Jose Silva,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-423-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Carmen Silva Gomez pleaded guilty to one count of illegal reentry and was sentenced within the advisory guidelines range to 70 months in prison. Silva Gomez now appeals the district court's imposition of a 16-level enhancement for a prior crime of violence pursuant to § 2L1.2 of the United States Sentencing Guidelines. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20911

Silva Gomez contends that his prior conviction for burglary of a habitation under Texas Penal Code § 30.02(a)(1) does not constitute a crime of violence for purposes of the § 2L1.2 enhancement. As Silva Gomez concedes, he did not raise this argument in the district court, so our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). Silva Gomez claims that his prior burglary offense does not constitute the generic offense of burglary for purposes of § 2L1.2 because he was charged with entry into a habitation owned by a person with a greater right to possession. He argues that this "greater right to possession" theory is unique to Texas and makes the offense broader than generic burglary.

We recently rejected a materially indistinguishable argument. *See United States v. Morales-Mota,* __ F.3d __, 2013 WL 104935, at *1-*2 (5th Cir. Jan. 9, 2013). In light of *Morales-Mota*, the district court did not commit any error, plain or otherwise, in imposing the enhancement.

The judgment of the district court is AFFIRMED.