# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 26, 2013

Lyle W. Cayce
Clerk

No. 12-40883
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IRIMAK RAFAEL MELENDEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-269-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Irimak Rafael Melendez-Hernandez appeals the 48-month sentence imposed following his guilty plea conviction for being found in the United States after deportation following an aggravated felony conviction. He asserts that the district court erred in imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on its determination that his prior Texas burglary of a habitation conviction was a crime of violence. Specifically, he argues that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction was not for generic burglary because his conviction fell under Texas's unique "greater right to possession" theory.

Because he objected to the enhancement in the district court on this ground, we review the issue de novo. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We recently rejected this same contention in *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013) (affirming a 16-level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for burglary of a habitation under § 30.02(a)). Accordingly, the judgment of the district court is AFFIRMED.