# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

Lyle W. Cayce
Clerk

No. 12-20185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CIVILO CAMARILLO LOPEZ, also known as Cirilo Camarillo Lopez, also known as Cirilo Lopez Camarillo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-506-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cirilo Camarillo Lopez appeals his within-guidelines sentence for illegal reentry after an aggravated felony conviction. The probation officer calculated a total offense level of 21, which included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Camarillo Lopez's prior Texas conviction for burglary of a habitation with intent to commit theft. Camarillo Lopez objected to the 16-level enhancement on the grounds that Texas's burglary of a habitation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense does not meet the generic definition of burglary of a dwelling because a person may be convicted of burglary in Texas if he enters onto property without the consent of another person who has "a greater right to possession of the property than the actor." Tex. Penal Code § 1.07(a)(35)(A). At sentencing, the district court overruled the objection.

Camarillo Lopez makes the same argument on appeal. According to Camarillo Lopez, because a person can be convicted of burglary of a habitation in Texas even if he has a legitimate right to possess the property, the Texas statute is broader than the generic definition of burglary of a dwelling. This argument is foreclosed by this court's decision in *United States v. Morales-Mota*, in which we reasoned that "[m]erely maintaining an inferior possessory interest in a habitation does not extinguish the potential violence that may result when a person enters a habitation with intent to commit theft." 704 F.3d 410, 412 (5th Cir. 2013). Thus, the district court did not err in applying the crime of violence enhancement in this case. *See id.*

AFFIRMED.