# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 10, 2013

No. 12-40203
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO RUEDA-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1687-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alfonso Rueda-Flores (Rueda) pleaded guilty to being an alien unlawfully found in the U.S. after having been previously deported, in violation of 8 U.S.C. § 1326. His offense level was increased for a Texas conviction for burglary of a habitation that was deemed a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He was sentenced to 70 months of imprisonment.

Rueda contends that his prior Texas burglary was not a crime of violence because Texas law too broadly defines the "owner" of a habitation as a person

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with merely "greater right to possession" than the criminal actor.  We review only for plain error because the issue is raised for the first time on appeal.  *See United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009).

In *United States v. Morales-Mota*, we rejected the same contention made by Rueda, holding that the "greater right to possession" definition does not make Texas burglary broader than generic burglary.  704 F.3d 410, 411-12 (5th Cir. 2013) (applying plain-error review).  Rueda's argument is thus foreclosed, and the judgment of the district court is AFFIRMED.