**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

Lyle W. Cayce
Clerk

No. 12-40666
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FABIAN ORTA LOPEZ, also known as Fabian Orta-Lopez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1317-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fabian Orta Lopez pleaded guilty, without benefit of an agreement, to being illegally present in the United States following removal. Over his objection, the district court applied a 16-level sentencing enhancement pursuant to Guideline § 2L1.2(b)(1)(A)(ii) because Orta Lopez had been previously removed following a conviction of a felony constituting a crime of violence. Following a two-level adjustment for acceptance of responsibility, Orta Lopez' total offense level was 22; combined with his criminal-history category of III, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory Guidelines sentencing range was 51 to 63 months' imprisonment. The court varied downward and sentenced Orta Lopez, *inter alia*, to 40 months' imprisonment.

First, Orta Lopez contends:  his felony conviction for burglary of a habitation falls under Texas' "greater right to possession" theory; therefore, it does not constitute a conviction for generic burglary under *Taylor v. United States*, 495 U.S. 575 (1990); and, accordingly, it is not a conviction for burglary of a dwelling under Guideline § 2L1.2 and not a crime of violence.  Orta Lopez' claim is foreclosed by *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013), which rejected an identical argument and affirmed a 16-level sentencing enhancement under Guideline § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for burglary of a habitation under Texas Penal Code § 30.02(a)(1).  *Morales-Mota* was decided after the Government filed its brief.  In his reply brief, Orta Lopez concedes this issue is foreclosed, but continues to raise it in order to preserve it for possible further review.

Second, Orta Lopez contends the court erred in failing to award him a third point for acceptance of responsibility.  He asserts the Government improperly denied the additional level based on his refusal to plead guilty pursuant to an agreement wherein he waived his appellate rights.  As Orta Lopez concedes, his contention is foreclosed by *United States v. Newsom*, 515 F.3d 374, 378-79 (5th Cir. 2008); he raises the issue only to preserve it for possible further review.  (*Newsom* held a district court cannot award a reduction under Guideline § 3E1.1 unless a motion is filed by the Government; the Government, however, can decline to move for an additional acceptance point based on defendant's refusal to waive his appellate rights.  *See id.*)

Third, Orta Lopez contends the court plainly erred in convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2), because he was not deported following an "aggravated felony" conviction, as defined in 8 U.S.C. § 1101(a)(43).  He urges the sentence be vacated and

remanded for resentencing or, in the alternative, the judgment be reformed. The Government agrees the judgment erroneously reflects a conviction under § 1326(b)(2), but it contends the judgment should be reformed to reflect a conviction under § 1326(b)(1) (removal subsequent to other-than-aggravated felony conviction).

Having failed to raise the issue in district court, Orta Lopez acknowledges review is only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). Orta Lopez must therefore show, *inter alia*, a clear or obvious error that affected his substantial rights. *United States v. Puckett*, 556 U.S. 129, 135 (2009). Orta Lopez' Texas conviction of burglary of a habitation does not qualify as an "aggravated felony" for purposes of § 1101(a)(43)(F) because he was sentenced to deferred-adjudication probation. *E.g.*, *id.* at 369. Orta Lopez concedes, however, he cannot show that the error affected his substantial rights because his sentence, which was below the advisory Guidelines range, did not exceed the statutory maximum under § 1326(b)(1). *E.g.*, *id.*

AFFIRMED. The judgment is REFORMED to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).