# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2013

Lyle W. Cayce
Clerk

No. 12-40670
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO OVALLE-CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-384-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Ovalle-Castillo appeals his 57-month sentence for having been found unlawfully in the United States following deportation. He contends that the district court plainly erred by imposing the 16-level crime of violence enhancement in U.S.S.G. § 2L1.2 based upon his prior conviction for burglary of a habitation with intent to commit theft, in violation of Texas Penal Code § 30.02(a)(1). According to Ovalle-Castillo, the Texas offense is broader than the enumerated offense of burglary of a dwelling because Texas defines "owner" of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a habitation to include a person who has "a greater right to possession of the property than the actor."

Because Ovalle-Castillo did not object to the enhancement in the district court on the basis he now advances, we review for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012). We rejected a materially indistinguishable argument in *United States v. Morales-Mota*, 704 F.3d 410, 412-13 (5th Cir. 2013), *petition for cert. filed* (Apr. 8, 2013) (No. 12-9676). In light of *Morales-Mota*, we find no error here, plain or otherwise. *See id.*

AFFIRMED.