# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2013

Lyle W. Cayce
Clerk

No. 11-41373
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS CARRILLO-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-659-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Santos Carrillo-Martinez (Carrillo) appeals his 72-month sentence followed by a three-year term of supervised release imposed following his guilty plea conviction to being an alien found unlawfully in the United States. Carrillo argues that the district court plainly erred in imposing a 16-level enhancement of his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a prior crime of violence conviction because the Government failed to show by a preponderance of the evidence that his prior offense encompassed the elements of a generic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglary offense.  He contends that the Texas burglary statute contains a unique element that includes a lawful entry onto property without the consent of a person who has a greater right to possession of the property than the actor.  We have recently rejected a similar argument.  *See United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013).  Thus, the district court did not commit error, plain or otherwise, in making the enhancement.  *See id.; United States v. Puckett*, 556 U.S. 129, 135 (2009).

Asserting that his sentence was procedurally and substantively unreasonable, Carrillo argues that the district court erred in imposing a term of supervised release contrary to the guideline recommendation that "ordinarily" a term of supervised release would not be imposed if the defendant is a deportable alien.  Review is for plain error because Carrillo did not object in the district court to the imposition of the term of supervised release.  *See Puckett*, 556 U.S. at 135.  The district court's explanation reflected the consideration of relevant sentencing factors and provided a justification for imposing the term of supervised release.  The district court did not err, plainly or otherwise, in imposing the three-year term of supervised release.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).; *Puckett*, 556 U.S. at 135.

The sentence is AFFIRMED.