**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2013

Lyle W. Cayce
Clerk

No. 12-40931
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN GARCIA-GUILLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-661-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Esteban Garcia-Guillen pleaded guilty to one count of illegal reentry and was sentenced within the advisory guidelines range to 46 months in prison. Garcia-Guillen now appeals the district court's imposition of a 16-level enhancement for a prior crime of violence pursuant to § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. However, conceding that his sole issue on appeal is foreclosed by circuit precedent, he moves for summary disposition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40931

Garcia-Guillen contends that his prior conviction for burglary of a habitation under Texas Penal Code § 30.02 does not constitute a crime of violence for purposes of the § 2L1.2 enhancement. As Garcia-Guillen concedes, he did not raise this argument in the district court, so our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). Garcia-Guillen asserts that the Texas offense of burglary of a habitation does not constitute burglary of a dwelling because it defines a dwelling owner as including a person with a greater right to possession. According to Garcia-Guillen, this "greater right to possession" theory is unique to Texas and makes the offense broader than generic burglary.

We recently rejected a materially indistinguishable argument. *See United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 2013 U.S. LEXIS 3765 (May 13, 2013). In light of *Morales-Mota*, the district court did not commit any error, plain or otherwise, in imposing the enhancement.

The motion for summary disposition is GRANTED. The judgment of the district court is AFFIRMED.