# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2013

No. 12-41320
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

EDEN PEREZ,

                              Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1521-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eden Perez appeals the 92-month, within-guidelines sentence imposed following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence report, which was adopted by the district court, calculated Perez's base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because he had a prior Texas conviction for burglary of a habitation, which constituted an enumerated "crime of violence," namely burglary of a dwelling, under U.S.S.G. § 4B1.2(a)(2). Perez argues that his base

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level was improperly calculated because Texas law defines the owner of a habitation as a person with merely a greater right to possession than the criminal actor and that this places the Texas crime outside the generic definition of burglary of a dwelling.

In *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 2013 WL 1473651 (May 13, 2013), we rejected this argument on plain error review, affirming a sentencing enhancement for a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for burglary of a habitation under Texas Penal Code § 30.02(a)(1). We noted that we had recently rejected on de novo review a materially indistinguishable argument in *United States v. Joslin*, 487 F. App'x 139, 141-43 (5th Cir. 2012), *cert. denied,* 2013 WL 991511 (Apr. 15, 2013), holding that, under the Armed Career Criminal Act, a conviction for Texas burglary of a habitation under § 30.02(a)(1) constitutes generic burglary, notwithstanding the "greater right to possession" theory. *Morales-Mota*, 704 F.3d at 412.

While Perez concedes that his argument should be reviewed for plain error and that it is foreclosed by our precedent in *Morales-Mota*, he wishes to preserve his argument that *Joslin* was wrongly decided for Supreme Court review. Because one panel of this court may not overrule the decision of another absent an en banc or superseding Supreme Court decision, *see United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002), Perez's argument that the "greater right to possession" definition makes Texas burglary broader than generic burglary is foreclosed by *Morales-Mota*. Perez's motion for summary disposition is GRANTED. The district court's judgment is AFFIRMED.