# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2013

Lyle W. Cayce
Clerk

No. 12-41316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO ALVAREZ-SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1829-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alfredo Alvarez-Soto appeals his conviction and sentence for possession with intent to distribute more than 100 kilograms of marijuana. He asserts that the district court plainly erred in imposing a career offender enhancement under U.S.S.G. § 4B1.1 because his prior Texas burglary of a habitation offenses were not crimes of violence under U.S.S.G. § 4B1.2(a)(2). He contends that the Texas offense is broader than generic burglary and, therefore, not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"burglary of a dwelling" under § 4B1.2(a)(2), because Texas defines "owner" to include a person who has "a greater right to possession of the property than the actor." Our precedent forecloses this argument. *See United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013).

Also foreclosed is Alvarez-Soto's argument that, in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), the district court plainly erred in accepting his guilty plea without sufficient proof that he knew the type and quantity of the controlled substance involved. *See United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).

Alvarez-Soto concedes that his arguments are foreclosed and raises them to preserve them for further review. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED as unnecessary.