**UNITED STATES of America, Plaintiff–Appellee**

v.

**Sandra Iris VENTURA, Defendant–Appellant.**

**No. 13–40120**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 25, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Sandra Iris Ventura raises an argument that she concedes is foreclosed by *United States v. Morales–Mota,* 704 F.3d 410, 412 (5th Cir.), *cert. denied,* — U.S. ——, 133 S.Ct. 2374, 185 L.Ed.2d 1091 (2013). In *Morales–Mota,* 704 F.3d at 412, this court, relying upon its holding in *United States v. Joslin,* 487 Fed.Appx. 139, 141–43 (5th Cir.2012), *cert. denied,* — U.S. ——, 133 S.Ct. 1847, 185 L.Ed.2d 851 (2013), rejected the argument that the Texas offense of "burglary of a habitation" is outside the generic, contemporary definition of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession." Accordingly, the appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.