# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2013

Lyle W. Cayce
Clerk

No. 13-40120
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDRA IRIS VENTURA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-736-1

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Sandra Iris Ventura raises an argument that she concedes is foreclosed by *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 133 S. Ct. 2374 (2013).  In *Morales-Mota*, 704 F.3d at 412, this court, relying upon its holding in *United States v. Joslin*, 487 F. App'x 139, 141-43 (5th Cir. 2012), *cert. denied,* 133 S. Ct. 1847 (2013), rejected the argument that the Texas offense of "burglary of a habitation" is outside the generic, contemporary definition of "burglary of a dwelling" under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession." Accordingly, the appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.