# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2013

Lyle W. Cayce
Clerk

No. 13-20205
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DE JESUS CEDILLO, also known as Jesus Costillos, also known as Jesus Cedillo, also known as Guadalupe Alvarado, also known as Juan Manuel Gonzalez, also known as Juan Manuel Gonzales, also known as Jesus Costilla, also known as Jesus Sidillo, also known as Jose DeJesus Cedillo, also known as Jose Cedillo, also known as Jose De Jesus Edillo, also known as Adrian Hernandez, also known as Jesus Marvel, also known as Jose Quiroz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-683-1

Before DAVIS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Appealing the judgment in a criminal case, Jose De Jesus Cedillo raises an argument that he concedes is foreclosed by *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 133 S. Ct. 2374 (2013). In *Morales-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Mota*, 704 F.3d at 412, this court, relying upon its holding in *United States v. Joslin*, 487 F. App'x 139, 141-43 (5th Cir. 2012), *cert. denied,* 133 S. Ct. 1847 (2013), rejected the argument that the Texas offense of "burglary of a habitation" is outside the generic, contemporary definition of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession." Accordingly, the appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.