Cesar Isaias Martinez–Rodriguez, For-
rest City, AR, pro se.

Before CLEMENT, PRADO, and
ELROD, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed
to represent Cesar Isaias Martinez–Rodri-
guez has moved for leave to withdraw and
has filed a brief in accordance with *Anders
v. California,* 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and *United States
v. Flores,* 632 F.3d 229 (5th Cir.2011).
Martinez–Rodriguez has not filed a re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
  determined that this opinion should not be
  published and is not precedent except under

sponse. We have reviewed counsel's brief
and the relevant portions of the record
reflected therein. We concur with coun-
sel's assessment that the appeal presents
no nonfrivolous issue for appellate review.
Accordingly, counsel's motion for leave to
withdraw is GRANTED, counsel is ex-
cused from further responsibilities herein,
and the APPEAL IS DISMISSED. *See*
5TH CIR. R. 42.2.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel MORENO–PRETEL,
Defendant–Appellant.**

No. 13–41211
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 2014.

Renata Ann Gowie, Assistant U.S. At-
torney, U.S. Attorney's Office, Houston,
TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public De-
fender, Timothy William Crooks, Assistant
Federal Public Defender, Michael Lance
Herman, Assistant Federal Public Defend-
er, Federal Public Defender's Office,
Houston, TX, for Defendant–Appellant.

Before CLEMENT, PRADO, and
ELROD, Circuit Judges.

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

PER CURIAM: *

Appealing the judgment in a criminal case, Daniel Moreno–Pretel (Moreno) raises an argument that he concedes is foreclosed by *United States v. Morales–Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, —— U.S. ——, 133 S.Ct. 2374, 185 L.Ed.2d 1091 (2013), which rejected the argument that the Texas offense of "burglary of a habitation" is broader than the generic, contemporary definition of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession of the property than the actor." Moreno's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

