# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOEL SANCHEZ, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-702-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Joel Sanchez, Jr., pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Because he had four prior Texas violent-felony burglary convictions, he was sentenced as an armed career criminal, pursuant to the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e) (mandating a 15-year minimum imprisonment sentence for

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

violating § 922(g) with three prior convictions for, *inter alia*, violent felonies). Sanchez was sentenced to, *inter alia*, 188 months' imprisonment.

Sanchez provided substantial assistance to the Government in the investigation of an unrelated crime. Although urged by Sanchez, the court refused to vary downward from the advisory Sentencing Guidelines-sentencing range, pursuant to Guideline § 5K1.1 (allowing departure from sentencing range for defendants who "provided substantial assistance in the investigation or prosecution of another person who has committed an offense"). Sanchez claims it is unclear from the record whether the district court understood its authority to take his substantial assistance into account under 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant".).

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "[A] sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a § 5K1.1 motion," and the failure to recognize that authority "is a significant procedural error." *United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014).

It is unclear whether Sanchez' claim was properly raised in district court. Because Sanchez' claim fails regardless of the standard of review, we decline

to address whether his claim is subject to plain-error review. *E.g., United States v. Hinojosa-Lopez*, 130 F.3d 691, 693 n.1 (5th Cir. 1997), *abrogated on other grounds by Lopez v. Gonzales*, 549 U.S. 47 (2006).

There was no procedural error; the record shows the district court understood that it could consider Sanchez' cooperation under § 3553(a)(1). Rather, the court exercised its discretion and refused to vary downward from the advisory Guidelines-sentencing range.

Sanchez also raises three challenges to his sentence that are foreclosed by our precedent. Although he recognizes his claims are foreclosed, he raises them to preserve them for possible further review. First, he asserts his prior convictions for burglary under Texas Penal Code § 30.02(a) are not violent felonies for purposes of § 924(e), because the Texas burglary statute incorporates a unique "greater right of possession" theory and this definition of burglary is not a generic burglary under the ACCA. This claim is foreclosed by *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 133 S. Ct. 2374 (2013).

Second, Sanchez asserts that, in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), he should not have been subject to § 924(e)'s enhanced 15-year mandatory-minimum sentence because the prior burglary convictions used to apply the enhancement were neither alleged in his indictment nor proven to a jury beyond a reasonable doubt. In *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998), the Court held a prior conviction is not a fact that must be pleaded in an indictment or found by a jury beyond a reasonable doubt but rather is a sentencing factor that may be found by a judge. This claim is foreclosed; our court held the *Almendarez-Torres* exception survived *Alleyne*. *E.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).

No. 14-40312

Finally, Sanchez urges us to reconsider our jurisprudence regarding the constitutionality of § 922(g)(1) in the light of *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000). His challenge is foreclosed. *E.g., United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.